UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Christopher Mansoori,<br><br>    *Plaintiff*,<br><br>v.<br><br>C.O. Patel,<br><br>    *Defendant*. | No. 22 CV 3484<br><br>Judge Lindsay C. Jenkins |

MEMORANDUM OPINION AND ORDER

    Christopher Mansoori, a pretrial detainee, sued Cook County Jail Correctional Officer Riyaz Patel alleging Patel placed Mansoori in segregated housing without justification, and then failed to protect him from other inmates while in segregation in violation of 42 U.S.C. § 1983. Because Mansoori was incarcerated when he filed suit, he needed to comply with the Prison Litigation Reform Act ("PLRA"), which demands prisoners exhaust their administrative remedies prior to suing in federal court. 42 U.S.C. § 1997e(a). Patel has moved for summary judgment arguing Mansoori failed to abide by this requirement. The Court disagrees because it concludes the jail's grievance process was not available to Mansoori, so it denies the motion.

BACKGROUND

    "On summary judgment, the Court limits its analysis of the facts to the evidence that is presented in the parties' Local Rule 56.1 statements." *Kirsch v. Brightstar Corp.*, 78 F. Supp. 3d 676, 697 (N.D. Ill. 2015). The statements serve a valuable purpose: they help the Court in "organizing the evidence and identifying disputed facts." *Fed. Trade Comm'n v. Bay Area Bus. Council, Inc.*, 423 F.3d 627, 633 (7th Cir. 2005). "To dispute an asserted fact, a party must cite specific evidentiary material that controverts the fact and must concisely explain how the cited material controverts the asserted fact. Asserted facts may be deemed admitted if not controverted with specific citations to evidentiary material." L.R. 56.1(e)(3). Any party who fails to comply with Local Rule 56.1 does so at their own peril. *Wilson v. Kautex, Inc.*, 371 Fed. Appx. 663, 664 (7th Cir. 2010).

    Here, Patel filed a Rule 56.1 statement, [Dkt. 67], to which Mansoori responded. [Dkt. 87.] Mansoori also filed a statement of additional facts, [Dkt. 89],

1

but Patel failed to respond.[1] Accordingly, the Court deems all of Mansoori's additional facts admitted. The Court is required to view the facts and draw all reasonable inferences in favor of Mansoori, the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *WEC 98C-3 LLC v. SFA Holdings Inc.*, 99 F.4th 961, 969 (7th Cir. 2024).

As relevant here, Mansoori was in custody at the Cook County Department of Corrections ("CCDOC") between June 30, 2015, and February 15, 2018. [Dkt. 87 ¶ 2.] The CCDOC maintains an Inmate Grievance Procedure ("IGP"), which informs inmates as to how to exhaust their administrative remedies. The IGP explains what types of incidents require a grievance, the grievance's contents, and the timeline for filing and appealing grievances. The IGP instructs inmates that they must file their grievances within 15 days of an incident, and then appeal any adverse ruling within 15 days. [*Id.* ¶¶ 15-16, 18.]

The IGP defines the term "Non-Grievance Request" ("NGR"), which applies to grievances that the CCDOC rejects. [Dkt. 67-9 at 3.][2] Unlike the process for appealing an accepted grievance, the IGP does not delineate procedures for inmates to follow once they receive an NGR. [*See* Dkt. 67-9.] The grievance form itself provides inmates with slightly more guidance, stating as follows: "When a grievance issue is processed as a NON-GRIEVANCE (REQUEST), an inmate may re-submit the grievance issue after 15 days to obtain a "Control Number" if there has been no response to the request or the response is deemed unsatisfactory." [Dkt. 67-6 at 77.]

Mansoori's operative pleading raises two claims against Patel. First, on February 21, 2016, Patel wrongfully and improperly confined Mansoori to segregation in CCDOC for approximately one week. [Dkt. 6 at 2.] Additionally, Patel failed to protect Mansoori during this period from other inmates in segregation who sprayed Mansoori with a mixture of urine and chemicals. [*Id.*]

The parties agree Mansoori attempted to grieve these issues in the following way. First, Mansoori timely submitted a grievance to the CCDOC on February 24, 2016. [Dkt. 87 ¶ 23.] In the grievance, Mansoori complained about the unfairness of being sent to segregation, the abuse he received from the other inmates, and the staff's failure to intervene. [Dkt. 67-6 at 77.] In the portion of the grievance form that asks the inmate to identify individuals who have information regarding the grievance, Mansoori listed "Luna, Patel, Cell 8 inmates." [*Id.*]

---

[1] Patel likewise failed to file a reply brief, based on his misapprehension that Mansoori's response brief, [Dkt. 88], was untimely. [*See* Dkt. 85.] The prison mailbox rule applies to Mansoori, which means his filings are considered received by the Court on the date he mailed them from prison. *Censke v. United States*, 947 F.3d 488, 490 (7th Cir. 2020). Mansoori timely mailed his filings on June 3, 2024, [Dkt. 76; Dkt. 88 at 6.] The Court will therefore rule without the benefit of a substantive reply from Patel.

[2] Citations to docket filings generally refer to the electronic pagination provided by CM/ECF, which may not be consistent with page numbers in the underlying documents.

The CCDOC responded to the grievance on March 3, 2016, and marked the grievance as NGR. [*Id.* at 77-78.] The CCDOC explained their reasoning thus: "One issue per grievance. Inmate must separate issues so that the appropriate department may respond." [*Id.* at 78.] The CCDOC also crossed out the bottom half of the form which relates to appeals, indicating that Mansoori could not appeal his grievance. [*Id.*] Mansoori did not attempt to directly appeal the February 24 grievance.

On March 13, 2016, Mansoori filed another grievance. [Dkt. 67-6 at 11.] Now out of segregation, Mansoori complained that his move from Division 11 to Division 6 (which Mansoori contends had "subpar living conditions") was improper and that he should be returned to his prior location. [*Id.*] The core of his argument was that he never should have been placed in segregation, and that he was subjected to mistreatment while in segregation: "I stayed there [in segregation] for a week with no disciplinary result given to me or heard by the hearing board. I wasn't supposed to be there, they were throwing urine and feces also." [*Id.*] This time, the CCDOC accepted the grievance, and informed Mansoori "housing assignments are based on spacing availability." [*Id.* at 12.] Mansoori did not appeal.

Patel now moves for summary judgment arguing Mansoori failed to exhaust his administrative remedies. Patel makes two arguments. First, Mansoori did not exhaust because he failed to appeal the March 13 grievance. Second, Mansoori's grievance did not put CCDOC on notice with respect to Patel's conduct. [Dkt. 68.]

## ANALYSIS

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party moving for summary judgment bears the burden of proving the absence of such a dispute. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All facts and reasonable inferences are construed in the light most favorable to the nonmoving party. *Chaib v. Geo Grp., Inc.*, 819 F.3d 337, 341 (7th Cir. 2016).

The PLRA requires inmates to exhaust their administrative remedies before initiating a federal civil rights lawsuit. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *see also Miles v. Anton*, 42 F.4th 777, 780 (7th Cir. 2022) ("a suit filed before the prisoner has exhausted these remedies must be dismissed") (cleaned up). Accordingly, if a correctional facility has an internal administrative grievance system through which

3

an inmate can seek to correct a problem, the inmate must utilize that system before filing a claim in federal court. *See Chambers v. Sood*, 956 F.3d 979, 983 (7th Cir. 2020). The burden of proof is on the defendant to demonstrate the prisoner failed to exhaust his administrative remedies. *See Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013).

However, an inmate is only required to exhaust available grievance processes. *Jackson v. Esser*, 105 F.4th 948, 956-57 (7th Cir. 2024) (citing *Hacker v. Dart*, 62 F.4th 1073, 1078 (7th Cir. 2023)); 42 U.S.C. § 1997e(a). If the grievance process is deemed unavailable, the exhaustion requirement is satisfied. *Id.* (citing *Pyles v. Nwaobasi*, 829 F.3d 860, 864 (7th Cir. 2016)). "An administrative remedy is 'unavailable' if it 'operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates,' when the 'administrative scheme' is 'so opaque that it becomes, practically speaking, incapable of use,' or 'when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *Crouch v. Brown*, 27 F.4th 1315, 1320 (7th Cir. 2022) (quoting *Ross v. Blake*, 578 U.S. 632, 643-44 (2016)). The burden is on the defendant to demonstrate the administrative remedy was available and plaintiff failed to pursue it. *Crouch*, 27 F.4th at 1320.

Numerous Judges in the Northern District of Illinois have held that the NGR designation—the IGP procedure at issue here—result in the grievance process being unavailable. Judge Bucklo summarized the state of the law in *Coleman v. Dart*, 2019 WL 670248 (N.D. Ill. Feb. 19, 2019):

> This Court has addressed the Cook County Jail's processing of grievances as non-grievance requests in several cases. In 2015, another member of this Court held an evidentiary hearing with Deputy Director of Inmate Services John Mueller testifying about the process. *Shelby v. Dart*, No. 14 C 2419, 2015 WL 8329971 (N.D. Ill. Dec. 9, 2015) (Kendall, J.). Addressing the language quoted above, the Court stated that "the grievance form does not inform . . . that an inmate must refile a form originally processed as a non-grievance request in order to exhaust his or her administrative remedies with respect to that issue. Instead, the grievance form states that an inmate *may* refile a grievance form in order to obtain a control number." *Id.* at *2 (emphasis in original). Observing that the Inmate Handbook was silent about the procedures for non-grievances, that the language on the grievance form was less than clear, and that re-filing a grievance after it had been designated as a non-grievance ran the risk of it being untimely, the Court concluded that an inmate could not be expected to follow procedures that were vague and not clearly made known to him. *Id.* at *5-6.

4

>Other members of this Court have followed the same reasoning and held that the conversion of a Cook County Jail grievance into a non-grievance request and the crossing out of the grievance form's appellate section thwarted the grievance process, thus rendering the remainder of the grievance process unavailable. See *Munoz v. Dawalibi*, No. 14 C 601, 2015 WL 719373, at *6 (N.D. Ill. Feb. 18, 2015) (Blakey, J.); *Harper v. Dart*, No. 14 C 01237, 2015 WL 3918944 at *4-5 (N.D. Ill. June 24, 2015) (Chang, J.); *Camacho v. Dart*, No. 15 C 3396, 2017 WL 680329, at *5 (N.D. Ill. Feb. 21, 2017) (Rowland, M.J.); *Evans v. Bilal*, No. 15 C 2473, 2017 WL 3278824, at *5 (N.D. Ill. Aug. 2, 2017) (Pallmeyer, J.).

*Coleman*, 2019 WL 670248, at *7; *see also Martinez-Lopez v. Wurth*, 2020 WL 1530742, at *7 (N.D. Ill. Mar. 31, 2020) (same); *Lyles v. Gambino*, 2019 WL 2511868, at *9 (N.D. Ill. June 17, 2019).

These cases recognize that CCDOC's process of marking grievances NGR and crossing out the appeal option is "opaque" and "practically speaking" is "incapable of use" resulting in the grievance process being unavailable. *Ross*, 578 U.S. at 643. Indeed, the NGR process as stated in the IGP has inherent contradictions. On the grievance form itself, which is attached to the IGP, it informs inmates they "may re-submit the grievance … *after* 15 days" of CCDOC's decision. [Dkt. 67-9 at 15.] The IGP instructions, however, instructs CCDOC staff marking a grievance NGR to "ask the inmate to write separate grievances for each issue and return the additional grievance(s) *within* fifteen (15) days.[3] [*Id.* at 7.]

Although the Seventh Circuit has not weighed in on the propriety of this specific practice, it has found other processes equally opaque resulting in unavailability. *See Hacker v. Dart*, 62 F.4th 1073, 1079 (7th Cir. 2023) (holding that Cook County Jail grievances process involving claims of staff misconduct was a "hopelessly confusing process" that was not "transparent enough for ordinary prisoners to navigate."); *see also Reid v. Balota*, 962 F.3d 325, 330 (7th Cir. 2020) (quoting *Williams v. Wexford Health Sources, Inc.*, 957 F.3d 828, 834 ("Recently, in *Williams v. Wexford Health Sources, Inc.,* we emphasized the importance of clear administrative schemes for processing prison grievances. 'Grievance procedures must be transparent. This helps everyone: the institution is better able to investigate and resolve grievances if they are presented under a well-understood system, and inmates are better able to comply with institutional expectations if the rules are clear.'").

---

[3] This section of the IGP (instructions for CCDOC staff, not inmates) is the only provision related to an inmate's grievance that covers multiple issues. It asks staff "to ensure that all issues raised can be addressed by the same unit." [Dkt. 67-9 at 7.] Mansoori's grievance was marked NGR on the basis it contained multiple issues, [Dkt. 67-6 at 78], but nowhere did the CCDOC staff contend that these issues could not be resolved by the same unit.

5

The Court joins the multiple other Judges of this District holding that CCDOC's process of marking grievances as NGR without providing inmates with a clear path forward for exhausting their administrative remedies renders the grievance process unavailable to Mansoori. A detainee "must exhaust available remedies, but need not exhaust unavailable ones." *Ross*, 578 U.S. at 642.[4]

## CONCLUSION

For the reasons stated herein, Patel's motion for summary judgment is denied.

Enter: 22 CV 3484
Date: July 25, 2024

_____
Lindsay C. Jenkins
United States District Judge

---

[4] The finding that the grievance process was unavailable to Mansoori's February 24, 2016, grievance moots Patel's arguments regarding Mansoori's failure to appeal from the March 13, 2016, grievance. [*See* Dkt. 68 at 5-8.] It also moots Patel's argument that the February 24 grievance failed to put CCDOC staff on notice as to Patel's conduct, but the Court rejects this argument for the additional reason that Mansoori did name Patel in this grievance. [*See id.* at 8-11; Dkt. 67-6 at 77 (listing Patel as relevant individual).]